```
                UNITED STATES COURT OF APPEALS
                    FOR THE FIFTH CIRCUIT
```

---

```
                        No. 99-30625
                      Summary Calendar
```

---

In Re:    In the Matter of the Complaint of MALMAC DN
          BHD; et al., Owners and/or operators and/or
          owners of the barge DB 29 for Exoneration
          from or Limitation of Liability,

        MICHAEL TESTA; LAW FIRM OF TESTA AND TESTA,

                                     Intervenors-Appellees,

                            VERSUS

                  MICHAEL LEE; ET AL.,

                                          Claimants,

     JULIE HARDY, Individually and as the representative
     of the estate of Stephen Hardy and on behalf of and
     as next friend of Kirsty Leanne Hardy, Laura Stacey
    Hardy, and Ben Derek Hardy, who also sue individually
    and on behalf of any other proper legal beneficiaries
                     of Stephen Hardy,

                                     Claimant-Appellant.

---

            Appeal from the United States District Court
              for the Eastern District of Louisiana
                        (91-CV-3016)

---

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Stephen Hardy ("decedent") a commercial diver and resident of England, died on August 15, 1991, when the derrick barge DB-29 capsized and sank in the South China Sea during a typhoon. Decedent was survived by his spouse, Julie Hardy, and the three children of their marriage; by his former spouse, Ann Hardy, and the two children of their marriage; and by his parents. All of decedent's survivors were residents of England. Shortly thereafter, McDermott, as owner and/or operator of the barge DB-29 filed this limitation of liability proceeding in the United States District Court for the Eastern District of Louisiana. Later on in August 1991, Julie Hardy and her three minor children (collectively "Hardy") retained Michael Testa and his law firm Testa and Testa (collectively "Testa") to represent their interests in the limitation proceeding pursuant to a written contingent fee agreement. Testa negotiated a settlement of all of Hardy's claims for $2.9 million from McDermott and such settlement was approved by the federal district judge handling the limitation of liability proceedings subject to final approval by the High Court of England as to the interests of the first wife, Ann Hardy, and the parents of Stephen Hardy. Because of difficulties in securing the approval of the High Court of England, Hardy terminated her contingent fee agreement with Testa and later retained the services of Keaty and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Keaty as counsel to process her claims against McDermott. Keaty and Keaty ultimately settled Hardy's claims for $4.5 million and waived any claim as to attorney's fees which might be owed on the first $2.9 million of that settlement. The sum of $966,667 was placed on deposit in the registry of the court representing the disputed attorney's fees as to the first $2.9 million of the settlement. Testa filed an intervention seeking recovery of the attorney's fees contemplated under the terms of the written contingency agreement with Hardy. Hardy disputed her obligation to pay such fees and Testa and Hardy consented in writing to the trial and entry of final judgment on their dispute by the magistrate judge. After conducting a four-day evidentiary hearing, the magistrate judge entered an order and reasons and a final judgment awarding $966,667 in the registry of the court to Testa as attorney's fees pursuant to the employment agreement. Hardy timely filed an appeal from that final judgment.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. For the reasons stated by the magistrate judge in her order and reasons filed under date of April 15, 1999, we affirm the final judgment entered of even date therewith.

**AFFIRMED.**